**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL A. VANDERPOOL,**

**Petitioner,**

**v.** **CASE NO. 20-3184-SAC**

**JEFF ZMUDA,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and directed Petitioner to show good cause why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period. (Doc. 7.) Petitioner filed a response (Doc. 8) arguing for equitable tolling. The Court entered an Order (Doc. 9) directing Respondent to file a Pre-Answer Response ("PAR") limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). Respondent filed a PAR (Doc. 12), and Petitioner filed a Reply (Doc. 13). The Court finds that the Petition should be dismissed as time-barred.

**Background**

Petitioner was sentenced in Wyandotte County District Court on February 28, 2008. *State v. Vanderpool*, No. 2005-CR-001809 (Wyandotte County District Court). Petitioner appealed, and his sentence was affirmed on November 6, 2009. *State v. Vanderpool*, Case No. 100,552, 2009 WL 3737333 (Kan. Ct. App. Nov. 6, 2009) (unpublished). Petitioner filed a Petition for Review on December 7, 2009, which was denied on June 23, 2010. *Id.*

On June 23, 2011, Petitioner filed a motion under K.S.A. 60-1507, arguing that his trial counsel was ineffective. *See Vanderpool v. State*, No. 118,949, 2019 WL 4383313 (Kan. Ct. App. Sept. 13, 2019). Petitioner's motion was denied on January 27, 2015. *Id.* Petitioner appealed to the Kansas Court of Appeals on September 29, 2015. *Id.* The Kansas Court of Appeals remanded to the trial court for a hearing in compliance with *Albright*, to determine if Petitioner received ineffective assistance of counsel from his attorney in failing to timely file a notice of appeal, thus justifying acceptance of the untimely notice of appeal. *Id.* Following a hearing in accordance with *Albright v. State*, 292 Kan. 193, Syl. ¶ 5, 251 P.3d 52 (2011), the trial court held that habeas counsel was ineffective for failing to timely appeal from the adverse decision, and the Kansas Court of Appeals had jurisdiction to consider the merits of Petitioner's argument under *Albright*. *Vanderpool v. State*, No. 118,949, 2020 WL 593974 (Kan. Ct. App. Feb. 7, 2020) (unpublished). The Kansas Court of Appeals affirmed the denial of Petitioner's K.S.A. 60-1507 motion on February 7, 2020. Petitioner signed the instant Petition under § 2254 on June 8, 2020, and it was filed with the Court on July 6, 2020.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner's conviction and sentence were affirmed by the Kansas Court of Appeals on November 6, 2009, and the Kansas Supreme Court denied review on June 23, 2010. Petitioner had ninety days from the date of the conclusion of direct appeal to seek certiorari. Where a prisoner declines to seek review in the Supreme Court, the limitation period begins to run the day after the ninety-day period for seeking review in the Supreme Court expires. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Because Petitioner did not seek review in the Supreme Court, his time began to run on or about September 22, 2010. Petitioner filed his state habeas on June 23, 2011, tolling the running of the limitations period after about 274 days had run and leaving about 91 days remaining. The Kansas Court of Appeals affirmed the denial of Petitioner's K.S.A. 60-1507 motion on February 7, 2020. Petitioner filed the instant Petition more than 91 days after the termination of his State habeas proceeding. The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling.

Petitioner's declaration at the end of his §2254 Petition states that he placed it in the prison mail system on June 8, 2020, effectively filing it on that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). This was just over one month beyond the expiration of the statute of limitations imposed by 28 U.S.C. § 2244(d).

Petitioner acknowledges that his Petition was not timely filed, but argues that he is entitled to equitable tolling. Petitioner argues that a decision in his state habeas was rendered on February 9, 2020, and he then sent correspondence to attempt to obtain counsel. Petitioner argues that he reached out to the KU Paul E. Wilson Project for Innocence & Post-Conviction Remedies because Petitioner is not knowledgeable in the law and "had no idea where to begin." (Doc. 8, at 1.) He alleges that he received a letter from the KU Innocence Project on

approximately May 29, 2020, informing him that his deadline to file a § 2254 petition had passed.

Petitioner alleges that restrictions on visitation and use of the law library due to the COVID-19 pandemic caused further delays in filing his Petition. He alleges that visitations were suspended and in order to call an attorney they had to be put on a phone list for approval which required a letter from the attorney. *Id*. at 2.

Petitioner alleges that he reached out to KU due to this delay in being able to contact an attorney. He alleges that it took weeks for KU to respond to him. He claims that KU gave him "limited insight but provided [him] with a 2254 form." *Id*. Petitioner claims that he submitted his form to the mailroom but received it back with a note stating the postage was deficient. *Id*. Petitioner added postage and about two weeks later received it back from the Clerk of the Court stating that it must be filed electronically. *Id*. at 2–3. Petitioner claims that he was not sure what he was doing with regard to filing the § 2254 petition "as far as adding the facts and evidence from the 60-1507 hearing." *Id*. at 3. Lastly, Petitioner argues that he is actually innocent based on "new evidence" from his state habeas action showing that his trial attorney was negligent. *Id*.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner

actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner has failed to show the type of rare and exceptional circumstances that warrant equitable tolling. Petitioner's conviction became final back in September 2010. The Kansas Court of Appeals affirmed the denial of post-conviction relief on February 7, 2020, with approximately 90 days remaining for Petitioner to file his § 2254 petition. Petitioner has failed to establish that he was diligently pursuing his claims or that the COVID-19 pandemic caused his untimely filing. Nine months of his time for filing ran back in 2010 to 2011, well before the pandemic. In February of 2020, the pandemic was in its early stages and did not present an obstacle to filing at that time. Restrictions were not put into place until at least a month later. Petitioner mentions that in-person visitations were suspended, but fails to explain how this prevented him from filing his habeas petition. Respondent notes that because all of the claims raised in a federal habeas petition had to have been first raised and exhausted in the state courts,

they must already be well-developed by the time one files a federal habeas petition. (Doc. 12, at 7–8.) This should not require an in-person visit with counsel. Even if communication is necessary, it can be done by mail or telephone. Petitioner's own arguments and attachments establish that mail communications with the outside world was (and still is) possible. Petitioner claims he received the May 26, 2020 letter from KU within three days.

It appears as though Petitioner's delay was caused by his desire to secure counsel to handle the case. Because there is no right to counsel in federal habeas proceedings, lack of counsel will not excuse an untimely habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991) (holding there is no right to counsel beyond first appeal); *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished opinion) ("There is no right to counsel in federal habeas proceedings, so lack of an attorney will not excuse an untimely habeas application.") (citation omitted); *Green v. State*, No. 05-3450-SAC, 2006 WL 618140 at *1 (D. Kan. March 10, 2006) (same); *Kelly v. State of Kansas,* No. 05-3292-SAC, 2005 WL 2548327 at *1 (D. Kan. Oct. 12, 2005) (same). Likewise, an unsuccessful search for counsel is not an extraordinary circumstance warranting equitable tolling. *Jihad v. Hass*, 267 F.3d 803, 806 (8th Cir. 2001).

Petitioner had significant time prior to the pandemic to seek federal habeas relief. Although he did pursue state post-conviction relief remedies during that time, the period spent actually litigating in state court was statutorily tolled. Petitioner has failed to show that he diligently pursued his action during the last 90 days. Petitioner's claims were already presented in the state court and he is housed in a facility that requires electronic filing. Petitioner did not submit his Petition for filing with the facility until after his deadline had passed.

Petitioner has not come forward with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial to show his actual innocence. The burden is on Petitioner to show that "extraordinary circumstances" prevented him from filing his Petition on time. *Kelly*, 2005 WL 2548327 at *1 (citation omitted). Simple excusable neglect is insufficient to justify equitable tolling. Petitioner has failed to show that equitable tolling is warranted in this case.

**IT IS THEREFORE ORDERED THAT** the Petition is **dismissed** for failure to commence this action within the one-year limitation period.

**IT IS FURTHER ORDERED** that the Court issues a Certificate of Appealability on the issue of equitable tolling.

**IT IS SO ORDERED**.

**Dated April 21, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**